DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss, filed April 11, 2008, as part of its Answer, requesting that Plaintiffs' Complaint be dismissed.
A case management conference was held July 21, 2008. Robie D. Vandiver (Plaintiff) appeared on behalf of Plaintiffs. Theresa Maul, Appraiser, appeared on behalf of Defendant.
During the conference, Plaintiff stated that he purchased the subject property identified as Account 139380 in October 2006, paying $180,000. Plaintiff appealed the real market value of the subject property to the Board of Property Tax Appeals (BOPTA). In its Order dated March 5, 2008, BOPTA reduced that real market value from $217,875 to Plaintiffs' purchase price of $180,000. In their Complaint, Plaintiffs requested that the "assessed value [be reduced] to $100,000, the approx cost of replacement today." During the conference, Oregon property tax system was *Page 2 
discussed. Plaintiffs can appeal the real market value of their property as of the assessment date, January 1, 2007. Real market value is defined in ORS 308.205(1)[1] as follows:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
The court explained that real market value is not defined as Plaintiffs suggest; it is not "replacement value today." Real market value is determined as of the date of assessment, which in this case was January 1, 2007. Plaintiff stated that his purchase of the subject property was arm's length, a "long-term investment." The Oregon Supreme Court held that:
 "If the sale is a recent, voluntary, arm's length transaction between a buyer and seller, both of whom are knowledgeable and willing, then the sales price, while certainly not conclusive, is very persuasive of the market value."
Kem v. Dept. of Rev., 267 Or 111, 114, 514 P2d 1335 (1973). It is clear that "the sale of the subject property deserves considerable weight."Summerset Village Joint Venture v. Marion County Assessor, TC-MD No 010317D at 4 (Jan 29, 2003) (citations omitted). Plaintiff conceded that he probably did not have evidence to overcome the real market value set by his purchase price.
Plaintiff expressed his concern that he is paying more "property taxes" than a neighboring property with a same year manufactured home as his. At the conclusion of the conference, Defendant agreed to provide information about both properties to Plaintiffs and to the court. *Page 3 
On July 24, 2008, Defendant submitted "comparison and mathematical computations between the two properties." Defendant noted that, when Plaintiffs' property was placed on the tax roll, the "real market value" of the subject property's improvements "was higher" than the neighboring property and that value was not appealed. (Def's Ltr at 3, July 24, 2008.) In addition, Defendant wrote that the subject property was improved in 2003-04. The value of those improvements were also not appealed. Defendant concluded that the original improvement value and the value of added improvements "created a larger difference in value between the two properties." (Id.) The court in Ellis v. Lorati,14 OTR 525, 535 (1999) stated that the 1997 changes to Oregon's property tax system "may, over time, result in various degrees of nonuniformity. * * * Section 11(18) contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity, specifically Article IX, section 1, and Article I, section 32." (Id.)
In the case before the court, Plaintiffs' assessed value is their maximum assessed value ($136,370). The Oregon Constitution makes no provision for reducing the maximum assessed value. The silence of section 11 of the Oregon Constitution with respect to downward adjustments to maximum assessed value was a "conscious decision" showing an intent for "any value decreases [to] to be reflected in thealternative to maximum assessed value: real market value." Taylor v.Clackamas County Assessor (I), 14 OTR 504, 510 (1999) (emphasis added).See also Ellis, 14 OTR at 534 (holding that "[p]aragraph [11(1)] (g) is clearly intended to prevent going back in history and revising each property's MAV starting point."). *Page 4 
In this case, Plaintiffs' real market value was reduced by BOPTA to their purchase price. Because Plaintiff concedes that he is unable to prove a real market value less than his purchase price, the court must grant Defendant's motion to dismiss. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ____ day of August 2008.
[1] All references to Oregon Revised Statutes (ORS) are to 2005. *Page 1